## Miller's Estate.

Argued January 21, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Raymond M. Remick,* of *Saul, Ewing, Remick & Saul,* with him *Franklin L. Wright* and *Alexander M. De-Haven,* for appellants.

*Roland C. Heisler, George K. Brecht* and *Dickson, Beitler & McCouch,* for appellee, were not heard.

PER CURIAM, February 11, 1929:

Mary R. Miller died, testate, February 25, 1926; she bequeathed to her sister Florence Rich, $50,000, to her sisters, Lillian R. Flowers and Elizabeth R. Kirk, $20,000 each, and to her brother, William W. Rich, appellant, $10,000. The residuary estate was divided equally among the three sisters. William W. Rich was named, and subsequently qualified, as one of two executors. The will was probated March 6, 1926, and letters testamentary granted thereon. Five days later, on March 11, 1926, appellant visited his sisters and expressed dissatisfaction with the legacy given him by decedent, contending that he should receive the same share as Mrs. Flowers and Mrs. Kirk and that his children should receive the same legacies, $1,000 each, as w^re given to the sisters' children. On the following day, he

produced a written agreement, which he had prepared, and read it to his sisters. Under the terms of this writing, they assigned, out of the residue, the sum of $10,000 to appellant, and $1,000 to each of his three children, and he agreed not to contest the probate of the will. The agreement further provided that, if the estate was not sufficient to make stipulated payments, the legacies of Mrs. Flowers and Mrs. Kirk should abate proportionately; it falsely recited that Rich "desires to contest the probate of the will on the ground that it was made under undue influence," that the decedent's husband "may also seek to contest the provisions of the will so far as his rights are affected thereby"; that the sisters "desire to have said will admitted to probate, [in order] to avoid a contest." Appellant did not inform his sisters that the will had already been probated and he had qualified as an executor, and Lillian R. Flowers, sole appellee, testified that she was in ignorance of that fact when the agreement was made. It developed that the estate was not sufficient to pay the specific legacies mentioned in the will. At the audit of the account of the executors on April 27, 1927, the appellee, Mrs. Flowers, requested the court to set the agreement aside, and it was decreed accordingly; exceptions to the adjudication were dismissed and this appeal followed.

The auditing judge correctly states that decedent's "will had not only been offered for probate, it had been actually probated, and letters thereon had been granted to the brother and his coexecutor; he was acting as executor at the time...... Doubtless the sisters would desire 'to avoid a contest' of the will, if the brother intended to contest it. The mental attitude of the brother, and what he desired to accomplish, is forcibly shown; his object was to have his sisters, except Florence, place him on an equality with them and to have his children get legacies of equal amount with the children of his sisters, Mrs. Flowers and Mrs. Kirk. To induce them to make the agreement and accomplish his objects, he

[falsely] held in front of them, that the will had been 'offered' for probate, when it had already been probated, that he was contemplating contesting its validity on the ground that his sister had been influenced to make it; that if it were set aside his sisters would receive less than the will gave them. When they agreed to his desires, for the above reasons, he thereupon obligated himself not to contest the will, [to] do all in his power to have it probated and [to] perform his duties as executor so as to 'enhance, preserve and protect the residuary estate for the mutual benefit of all of them'...... The brother induced the execution of the agreement by making untrue statements about the probate of the will and his [intentions as to] contesting its validity. [This being the case,] the agreement and assignment should not be enforced and the two sisters compelled to forego part of their legacies."

The decree appealed from is affirmed at cost of appellant.